UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|                              |   |                          |
|------------------------------|---|--------------------------|
| ROBERT JOSEPH ELLIS,         | : | CASE NO. 5:18-MC-85      |
|          Plaintiff,          | : |                          |
|     vs.                      | : | ORDER                    |
|                              | : | [Resolving Docs. 1, 6]   |
| BRIDGESTONE AMERICAS, INC.,  | : |                          |
| *et al.*                     | : |                          |
|          Defendants.         | : |                          |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Bernard Lesneski, a nonparty to an asbestos lawsuit pending in the Middle District of Northern Carolina, moves under Federal Rule of Civil Procedure 45 to quash the subpoena he received in that case.[1] The Plaintiff in the case also moves to strike Lesneski's response to Plaintiff's brief in opposition to his motion to quash. For the following reasons, the Court **TRANSFERS** the motion to quash to the issuing court and **DENIES** Plaintiff's motion to strike.

Plaintiff alleges that he was exposed to asbestos-containing products manufactured by Defendant McNeil & NRM ("McNeil") while working at a Bridgestone-Firestone plant in Wilson, North Carolina. Plaintiff alleges that he contracted mesothelioma as a result.

Movant Lesneski, who retired from McNeil in 2012, has testified as a corporate representative for Defendant McNeil in prior asbestos litigation. On August 7, 2018, he received a subpoena issued in the Middle District of North Carolina requiring him to appear for a deposition in Akron and to produce certain documents related to the plant.[2]

This is not the first time that Movant Lesneski has been subpoenaed to appear in North Carolina asbestos litigation this year. In April, Lesneski filed a motion in the Northern District of

---

[1] Doc. 1. Plaintiff opposes. Doc. 4. Movant replies. Doc. 5.
[2] *See* Doc. 1-1.

Case No. 5:18-MC-85
Gwin, J.

Ohio to quash a subpoena in another Middle District of North Carolina case captioned *Finch v. BASF Catalysts, LLC*.[3] Judge Polster transferred the motion to the issuing court,[4] which subsequently quashed the subpoena.[5]

Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents."[6] In his reply to Plaintiff's brief in opposition, Lesneski asks the Court to quash the subpoena, or in the alternative requests "that this matter be remanded to the North Carolina District Court."[7] Plaintiff also consents to transfer.[8] Because Movant Lesneski agrees to the transfer, and because this transfer would aid the issuing court's supervision of the litigation, the Court transfers the motion to the Middle District of North Carolina district court.

Plaintiff Ellis moves to strike Movant Lesneski's reply to its brief in opposition as untimely; in the alternative, he requests leave to file a surreply. Under Local Rule 7.1(e), Movant Lesneski was required to file his nondispositive motion reply memorandum seven days after service of the memorandum in opposition. Here, Movant missed this deadline by nearly two weeks. While Movant's reply was untimely, Plaintiff has not shown any prejudice resulting from the delay. The Court will deny the motion to strike as a matter of discretion.

For the foregoing reasons, the Court **TRANSFERS** the motion to the issuing court and **DENIES** the motion to strike Movant's reply.

IT IS SO ORDERED.

Dated: December 13, 2018                s/     *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[3] No. 5:18-MC-31 (N.D. Ohio), ECF No. 1.
[4] Doc. 4-5.
[5] Doc. 4-6.
[6] Fed. R. Civ. P. 45(f).
[7] Doc. 5 at 5.
[8] Doc. 4 at 5 n. 1.